[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING RE USE AND OCCUPANCY
In this commercial summary process action the landlord, Westfarms Associates, alleges lapse of time and termination of the right or privilege to occupy as its grounds for possession. During the pendency of this action, Westfarms filed a Motion for Use and Occupancy pursuant to C.G.S. § 47a-26b. Since the defendant, Formal Enterprises, Inc. filed an objection thereto, a hearing was held. C.G.S. § 47a-26b(c).
At the hearing, Westfarms relied on two affidavits submitted with a memorandum in support of its motion and introduced no testimony. Westfarms argues that the court should order as use and occupancy $11,666.67, which purports to be the monthly rent agreed between it and a third party for space encompassing and extending beyond the subject premises. Formal Enterprises argues that the use and occupancy order should be $2,083.33, the rent set forth in the agreement between the parties.
C.G.S. § 47a-26b reads in pertinent part ". . . the court shall order the defendant to deposit with the court payments for use and occupancy in an amount equal to the fair rental value of the premises during the pendency of such action accruing from the date of such order. . . . The last agreed-upon rent shall be prima facie evidence of the fair rental value of the premises. The party claiming a different amount shall have the burden of proving that the last agreed-upon rent is not the fair rental value."
As counsel for Westfarms noted in his argument to the court, this case presents the court with novel issues regarding the nature of a license agreement and the exclusion of use by the landlord. While these issues may indeed require resolution at a later date, at this interlocutory proceeding, the court need only address the narrow issue interpreting "last agreed upon rent" in CT Page 1434 C.G.S. § 47a-26b.
The interpretation pressed by Westfarms is to read that phrase as meaning the most recent rent the landlord and any
entity has agreed upon. While Westfarms' counsel suggests that commercial leasing practice supports that interpretation, a straightforward reading of the statute does not. Nor is there case law or legislative history supporting Westfarms' interpretation of the statute. In seeking to discern the legislative intent, the court "looks to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter."State v. Burns, 236 Conn. 18, 22-23 (1996). Having considered those factors, the court concludes that the statute requires the "last agreed-upon rent" to be that agreed to between the parties.
The court finds that the last agreed upon rent is $2,083.33. The plaintiff has not met its burden under the statute to prove that the last agreed upon rent is not the fair rental value.[1]
Accordingly, the court orders that, during the pendency of this action, the defendant deposit with the court use and occupancy in the amount of $2,083.33 monthly, commencing February 20, 1996.
Alexandra Davis DiPentima, Judge